IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

RITCHIE E. BUFFORD,

                                                       ORDER

           Petitioner,

                                                08-cr-68-bbc

     v.                                       15-cv-494-bbc

UNITED STATES OF AMERICA,

           Respondent.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Petitioner Ritchie E. Bufford has filed a petition under 28 U.S.C. § 2255, contending that his sentence is unconstitutional in light of the United States Supreme Court's recent holding in United States v. Johnson, 135 S.C. 2551 (2015). In Johnson, the Court held that imposing an increased sentence under the residual clause of the Armed Career Criminal Act, 18 U.S.C. § 924(e)(1), violates the due process clause of the Constitution, because the provision is unconstitutionally vague.

      When petitioner was sentenced in 2008, he had two prior convictions: one for a controlled substance offense carrying a penalty in excess of a year and one for fleeing or eluding an officer under Wis. Stat. § 346.04(3). Petitioner was not sentenced under § 924(e) but he was found to be a "career offender" under U.S.S.G. § 4B1.1, as defined in § 4B1.2, which closely tracks the language in § 924(e)(1). Both provisions allow a court to find a criminal defendant a career offender if, among other things, the defendant has a

1

number of prior felonies for either a violent felony or serious drug offense. (Under § 924(e)(1), the number of prior felonies must be three and a serious drug offense counts only if the statute carries a maximum term of 10 years; under the sentencing guidelines, the number of prior felonies must be two and any controlled substance offense counts so long as the minimum penalty exceeds one year.) Both provisions use the same definition for "violent felony"(in § 924(e)(B)) or "crime of violence" (in § 4B1.2) as one that carries a penalty of more than one year and

> (1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or
>
> (2) is burglary of a dwelling, arson, or extortion, involves use of explosives, or *otherwise involves conduct that presents a serious potential risk of physical injury to another.*

§ 924(e)(2)(B); § 4B1.2. (Italics added).

The italicized language is the language that the Court found unconstitutionally vague in Johnson and it is the language under which petitioner was sentenced. It is certainly arguable that the Court's construction of § 924(e)(2)(B) should be applied to the identical language in § 4B1.2.

Petitioner's motion is timely. He appealed his conviction, but never filed a motion for post conviction relief after that appeal was denied in June 2010. He can proceed now under subsection (3) of § 2255(f)(3) because, as the Court of Appeals for the Seventh Circuit held in Price v. United States, 795 F.3d 731 (7th Cir. 2015), that Johnson announced a new substantive rule of constitutional law that was to apply retroactively to final convictions. Because the Court had determined that "'a particular species of primary,

2

private individual conduct is beyond the power of the criminal lawmaking authority to proscribe, it necessarily follows that the Court has "made" that new rule retroactive.'" Id. at 734 (quoting Tyler v. Cain, 533 U.S. 656, 669 (2001). § 2255(f)(3)gives persons in petitioner's situation one year after "the date on which the right asserted was initially recognized by the Supreme Court," and the "right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review" in which to raise a constitutional challenge to a is sentence

     Petitioner is challenging his sentence on a ground that would not have been potentially available to him before the Supreme Court decided Johnson in June 2015. When he was sentenced in 2008, the law in this circuit was that fleeing and eluding an officer was a crime of violence under the residual clause of both § 924(e)(2)(ii) and § 4B1.2(a)(2) of the guidelines. United States v. Jennings, 544 F.3d 815 (7th Cir. 2007). See also United States v. Sykes, 598 F.3d 334 (7th Cir. 2010), aff'd, Sykes v. United States, 131 S. Ct. 2267).

     Accordingly, petitioner will be allowed to go forward on his motion for post conviction relief.

ORDER

     IT IS ORDERED that petitioner Ritchie E. Bufford may proceed on his motion for post conviction relief, dkt. #1. The government may have until October 6, 2015, in which to respond to petitioner's motion for post conviction relief; petitioner may have until

October 20, 2015 in which to file a reply.

    Entered this 14th day of September, 2015.

                                              BY THE COURT:
                                              /s/
                                              BARBARA B. CRABB
                                              District Judge