IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

RITCHIE E. BUFFORD,

                                                                             OPINION AND ORDER

                Petitioner,

                                                                 15-cv-494-bbc

      v.                                                              08-cr-68-bbc

UNITED STATES OF AMERICA,

                Respondent.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Petitioner Ritchie E. Bufford has filed a motion under 28 U.S.C. § 2255, challenging the 200-month sentence imposed on him in 2008 for possession with intent to distribute five grams or more of cocaine base. He was sentenced as a career offender because he had one prior conviction for a serious controlled substance offense and another for the crime of vehicular fleeing/eluding an officer, which qualified as a "crime of violence" under the sentencing guidelines at the time he was sentenced. He took a direct appeal of his sentence, which was denied, but he never filed a post conviction motion until now.

      Petitioner contends that he was sentenced illegally in 2008 and is entitled to resentencing as a result of the recent decision in <u>Johnson v. United States</u>, 135 S. Ct. 2551 (2015), that the so-called residual clause in the Armed Career Criminal Act, 18 U.S.C. § 924(e)(2)(B)(ii), is unconstitutionally vague. Odd as it might seem that he is basing his claim on a change in the Armed Career Criminal Act, when he has never been convicted of

1

violating that Act, he has reason to do so because he is challenging a provision in the sentencing guidelines that tracks the residual clause in § 924(e)(2)(B). If he is correct in thinking that the holding in Johnson applies to his case, he will no longer be considered a career offender under the guidelines and will be eligible for resentencing.

Although the Court of Appeals for the Seventh Circuit has not yet decided whether the Johnson decision requires resentencing of career offenders like petitioner, as a general rule it has been reluctant to grant requests for resentencing of career offenders. The two exceptions to this rule are those situations in which the challenge was raised on direct appeal or the petitioner was sentenced under the guidelines while they were mandatory. Petitioner has not shown that his case falls into either of those exceptions. Accordingly, I will deny his motion for post conviction relief.

## RECORD FACTS

In September 2006, petitioner Ritchie E. Bufford entered a plea of guilty to a charge of distributing five or more grams of crack cocaine, in violation of 21 U.S.C. § 841(a)(1). He was sentenced as a career offender under the sentencing guidelines, U.S.S.G. § 4B1.2, to 200 months, which was 62 months below the bottom of his 262-327 month guideline range. Petitioner had two prior felony convictions, one for a serious controlled substance offense and one for fleeing an officer. The drug conviction qualified as a predicate offense for career offender status under § 4B1.2(b); at the time, the fleeing an officer conviction qualified as a crime of violence under § 4B1.2(a)(2) under the applicable guidelines:

(a) The term "crime of violence" means any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that--

(1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or

(2) is burglary of a dwelling, arson, or extortion, involves use of explosives, or *otherwise involves conduct that presents a serious potential risk of physical injury to another*. [The italicized portion is generally referred to as the residual clause and is taken verbatim from 18 U.S.C. § 924(e)(2)(B)(ii).]

b) The term "controlled substance offense" means an offense under federal or state law, punishable by imprisonment for a term exceeding one year, that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance (or a counterfeit substance) or the possession of a controlled substance (or a counterfeit substance) with intent to manufacture, import, export, distribute, or dispense.

Petitioner took a direct appeal of his sentence, which was denied, along with the appeals of two other defendants. United States v. Partee, 373 Fed. App'x. 602 (7th Cir. 2010). He did not seek post conviction relief until August 10, 2015, after Johnson had been decided, when he filed this motion for post conviction relief under 28 U.S.C. § 2255. This was his first motion for post conviction relief and he was granted leave to proceed on September 14, 2015. His motion for appointment of counsel was granted on September 28, 2015.

OPINION

In Johnson v. United States, 135 S. Ct. 2551 (2015), the Supreme Court held that it was unconstitutional to rely on the abstract terms of the residual clause to increase the

3

punishment of a person sentenced under the Armed Career Criminal Act. The language of the clause, "conduct that presents a serious potential risk of physical injury to another," is too vague to give fair warning of the conduct that came within the terms of the clause and thus denied the offender due process of law. Id. at 2557. The Court made it explicit in Welch v. United States, 136 S. Ct. 1257 (2016), that the holding in Johnson is substantive and has retroactive effect on sentences imposed under the Armed Career Criminal Act. See also Conrad v. United States, 815 F.3d 324, 327 (7th Cir. 2016) ("rules altering sentencing length are *explicitly* substantive even when the sentencing judge is not required to impose the higher or lower sentence permitted by the new rule"); Price v. United States, 795 F.3d 731, 734 (7th Cir. 2015) ("Johnson, we conclude, announced a new substantive rule.").

The issue that petitioner raises is whether the holding in Johnson applies to sentences imposed under § 4B1.2(a)(2) of the sentencing guidelines that were not either pending on direct appeal at the time that Johnson was decided or eligible for direct appeal. Another way of phrasing this is to ask whether the holding in Johnson is substantive as it relates to sentences imposed under the career offender guidelines rather than under § 924(e)(2)(B). The government's position is that Johnson does not apply to any guideline sentences other than those few pending on direct review or not yet final. In the government's view, this differential in treatment between sentences imposed under § 924(e)(2)(B) and those imposed under the guidelines is justified by the fact that career offender sentences do not increase the length of the sentence to which a defendant is subject. Although a judge using the residual clause as the starting point for the calculation of the sentencing guidelines may

4

arrive at a higher sentence than would have been imposed without the residual clause, that judge cannot impose a sentence higher than the statutory maximum, whereas a judge sentencing a person with three qualifying prior convictions under the Armed Career Criminal Act, 18 U.S.C. § 924(e), must impose a sentence of *at least* 15 years, with no ceiling.

The Court of Appeals for the Seventh Circuit has not yet resolved the question of Johnson's effect on sentences imposed under the guidelines language derived from § 924(e)(2)(B)(ii). However, its decisions over the past five years suggest the path it will take. E.g., United States v. Tichenor, 683 F.3d 358, 363-67 (7th Cir. 2012) (holding that guidelines sentences are not susceptible to vagueness challenges) (citing United States v. Brierton, 165 F.3d 1133, 1139 (7th Cir. 1999) (guidelines do not establish illegality of any conduct and thus are not susceptible to attack under vagueness doctrine)). Other circuits have reached similar conclusions. See, e.g., United States v. Ellis, 815 F.3d 419 (8th Cir. 2016); United States v. Matchett, 802 F.3d 1185, 1193-95 (11th Cir. 2015) ("The vagueness doctrine, which 'rest[s] on [a] lack of notice' . . . 'does not apply to advisory guidelines.") (citing Irizarry v. United States, 553 U.S. 708, 713 (2008) ("any expectation subject to the due process protection . . . that a criminal defendant would receive a sentence within the presumptively applicable guideline range did not survive [the] decision in United States v. Booker.")

The government has waived reliance on Tichenor, Govt. Br., dkt. #2, at 4-5, but only as to cases currently pending on direct appeal, not as to claims brought in successive motions for collateral review. It remains to be seen whether the court of appeals will reach the same

5

decision, but it seems likely given the number of opinions in which it has expressed the view that erroneous interpretations of the guidelines should not be subject to correction in later proceedings,

> especially when the interpretation is discovered to be erroneous after the proceeding in which it was committed has become final through exhaustion of appellate remedies. For in such a case the challenge to the judgment depends on the retroactive application of a new rule (the corrected interpretation), and such retroactivity is disfavored because it thwarts finality in the criminal process. Teague v. Lane, 489 U.S. 288, 334 (1989) (plurality opinion).

Hawkins v. United States, 706 F.3d 820, 823-24 (7th Cir. 2013). The court added that once the guidelines were no longer mandatory, not only do they

> no longer bind the sentencing judge, [but] the judge may not even *presume* that a sentence within the applicable guidelines range would be proper. He must determine whether it is consistent with the sentencing considerations set forth in 18 U.S.C. § 3553(a), and if he finds it is not he may not impose it even though it is within the applicable guidelines range.

Id. at 822. Indeed, the court of appeals has held consistently that errors in calculating career offender sentences do not constitute a miscarriage of justice; in fact, they are not even cognizable in a motion for post conviction relief under 28 U.S.C. § 2255. E.g., United States v. Coleman, 763 F.3d at 706, 708-09 (7th Cir. 2014) ("We held in Hawkins [706 F.3d at 823], that the erroneous determination that the petitioner was a career offender in calculating his sentence was not a cognizable error [if imposed after guidelines were no longer mandatory].")

On a motion for rehearing in Hawkins, 724 F.3d 915 (7th Cir. 2013), the court of appeals denied rehearing en banc, despite the new opinion in Peugh v. United States, 133

6

S. Ct. (2013), in which the Supreme Court had held that the *ex post facto* clause was violated if the court calculated the sentence on the basis of the range in effect at the time of sentencing rather than the range in effect at the time the crime was committed if the earlier range was less punitive. The court found that unlike Peugh, Hawkins had not shown any constitutional error in his sentence. Recently, in Conrad, 815 F.3d 324, the court took the further step of denying review of a sentence that did violate Peugh (petitioner's guideline range was increased after he committed the crime for which he was being sentenced and he was sentenced within the increased range). In doing so, the court noted that although Conrad's sentencing range had been increased, his sentence was still within the statutory maximum; the guidelines were not mandatory when he was sentenced; and he could not say he did not have fair warning of the potential sentence when he committed his crime. Id. at 327. In sum, the court concluded, he was not facing an illegal punishment. Id. at 328.

As the court explained, the point of the *ex post facto* clause is to insure that individuals have fair notice of what acts are criminal and what penalties attach to those acts. So long as the maximum penalties are spelled out in the statutes, the would-be offender has fair warning of the consequences of committing the prohibited act and is found guilty. Id. at 327. Nevertheless, on direct appeal, the offender would be entitled to a correction of his sentence if he could show that the sentencing judge started at the wrong point in calculating the career offender sentence. What the offender was not entitled to, however, is relief on a motion for post conviction relief correcting a sentence imposed before Peugh was decided. Id. at 328. In that situation, "the concern with overburdening the courts with

postconviction litigation has controlling weight because, the guidelines not being binding on the sentencing judge, the defendant---provided that the judge does not impose a sentence higher than the *statutory* maximum when he committed his crime---does not 'face a punishment that the law cannot impose upon him.'" Id. (quoting Schriro v. Summerlin, 542 U.S. 348, 352 (2004)).

In sum, I conclude that it is too late for petitioner to seek resentencing. He has not shown that he is facing a punishment that the law cannot impose upon him. To the contrary, he is serving a sentence well within the guidelines applicable to his crime. He was not sentenced when the guidelines were mandatory, but at a time at which the sentencing judge was free to impose any sentence up to the statutory maximum. Accordingly, he has no viable claim for resentencing.

Under Rule 11 of the Rules Governing Section 2255 Proceedings, the court must issue or deny a certificate of appealability when entering a final order adverse to a petitioner. To obtain a certificate of appealability, the applicant must make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); Tennard v. Dretke, 542 U.S. 274, 282 (2004). This means that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322, 336 (2003) (internal quotations and citations omitted). I believe that the conclusion I have reached is the correct one, that is, that offenders sentenced under the career offender provisions of the sentencing guidelines cannot challenge a sentence that

has become final. However, I cannot say that reasonable jurists would not disagree.

## ORDER

IT IS ORDERED that petitioner Ritchie E. Bufford's motion for post conviction relief is DENIED. A certificate of appealability will issue.

Entered this 2d day of June, 2016.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge